IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2008

Charles R. Fulbruge III
Clerk

No. 08-10055
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CARLA LOUISE RHYMER

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-105-2

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Carla Louise Rhymer pleaded guilty to possession of stolen mail in violation of 18 U.S.C. §§ 1708 and 2. Rhymer was sentenced to 57 months of imprisonment and a three-year term of supervised release. Rhymer now appeals, challenging only her sentence. She does so on two grounds.

First, Rhymer contends that the district court erred in determining the intended loss amount for purposes of U.S.S.G. § 2B1.1. Specifically, Rhymer

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that the aggregate credit limit of four unused credit-card convenience checks should not have been included. This is especially so, she asserts, because the credit limit was not used in determining the intended loss amount related to an unused credit card in Rhymer's possession at the time of her arrest. Rhymer insists that the two devices are functionally equivalent and that they should have been treated the same.

Our decision in United States v. Sowels, 998 F.2d 249 (5th Cir. 1993), is applicable here. In Sowels we upheld the use of the aggregate credit limit of the unused stolen credit cards to determine the intended loss amount. Sowels, 998 F.2d at 250-52. As Rhymer was arrested before she ended or withdrew from the offense, the fact that the checks were unused does nothing to rebut the evidence that she intended to access the credit limits available via the unused stolen convenience checks. See id. at 251. Under Sowels, the district court also could have used the credit limit to determine the intended loss amount relative to the unused credit card to which Rhymer refers. The fact that it chose not to do so, however, does not justify or require reducing the intended loss amount relative to the unused credit card convenience checks. The district court did not clearly err in determining the intended loss amount for purposes of § 2B1.1. See United States v. Messervey, 317 F.3d 457, 464 (2002).

Second, Rhymer contends that the district court improperly applied a two-level enhancement under U.S.S.G. § 2B1.1(b)(10)(C)(i). That enhancement applies when the offense involves "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain other means of identification." Id. It is undisputed that Rhymer used another woman's personal information to obtain a false identification card that bore Rhymer's photograph and a name slightly different from the name of the woman whose information was stolen. It is also undisputed that Rhymer intended to negotiate a third party's check using that false identification card.

Rhymer nevertheless asserts that § 2B1.1(b)(10)(C)(i) is inapplicable because she obtained the woman's personal information legally, and the Guideline requires that the victim's identifying information be obtained through unlawful means. Although there is no caselaw addressing this point, the plain text of the Guideline does not support Rhymer's contention. As Rhymer's use of the woman's personal information to obtain an identification card bearing a false name was not authorized, the enhancement applies on its face. See § 2B1.1(b)(10)(C)(i) and cmt. n.9(C)(i), (ii)(I) and (II).

Rhymer further contends that § 2B1.1(b)(10)(C)(i) is inapplicable because she did not use the false identification card in the commission of the instant offense. The Sentencing Guidelines define the term "offense" more broadly than does Rhymer. An offense generally includes the offense of conviction and any relevant conduct under U.S.S.G. § 1B1.3. § 1B1.1 cmt. n.1(H). Here, Rhymer used the false identification card in an attempt to avoid detection or responsibility for the offense of conviction, and the false identification card was used in connection with an ongoing series of offenses involving stolen mail. Thus, Rhymer's acquisition and use of the card were properly considered as conduct relevant to the offense. See § 1B1.3(a)(1) and (2); United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006). The district court did not err in applying the two-level enhancement pursuant to § 2B1.1(b)(10)(C)(i). See United States v. Smith, 440 F.3d 704, 706 (5th Cir. 2006).

AFFIRMED.