# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 20, 2010

No. 09-11234
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TRACY JO RHINE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-133-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Tracy Jo Rhine appeals following her guilty-plea conviction for two counts of theft of stolen mail matter in violation of 18 U.S.C. § 1708. Rhine was sentenced to 51 months of imprisonment and two years of supervised release on each count to run concurrently. Rhine argues that it was reversible plain error to impose a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(10)(C)(i).

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for procedural and substantive reasonableness. *Gall v. United States*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

552 U.S. 38, 51 (2007).    Improperly calculating the guidelines range is a significant procedural error.  *Id.*

Because Rhine did not object to the alleged error in the district court, review is for plain error.  *See United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005).  To show plain error, Rhine must demonstrate that the district court erred, that the error is clear or obvious, and that the error affects her substantial rights.  *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).  If Rhine makes such a showing, we have the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'"  *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

The Guidelines provide for an offense-level enhancement if the offense involved "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification." § 2B1.1(b)(10)(C)(i) (2009).  "Means of identification" is defined as inter alia "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual."  18 U.S.C. § 1028(d)(7); § 2B1.1, comment. (n.9(A)) (2009).

The undisputed evidence was that Rhine obtained a Texas driver's license in one of the victim's names, which matched the name on checks that she stole from the mail.  Rhine then used the license and checks to buy tools.  Though there was no direct evidence that Rhine used the information on the checks to obtain the driver's license, the district court could have reasonably inferred that she did so.  *See United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).

Accordingly, there was no error in the application of the enhancement because Rhine unlawfully used one means of identification, the information on the victim's checks, to obtain another means of identification, the false driver's license.  *See* § 2B1.1(b)(10)(C)(i), comment. (n.9(C)(ii)); *United States v. Rhymer*, 299 F. App'x 378, 379-80 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 1638 (2009).

The judgment of the district court is AFFIRMED.